||THE HONORABLE ROBERT S. LASNIK|
|---|---|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN HORN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | No. 2:23-cv-01727-RSL<br><br>**NOTICE OF PENDENCY OF OTHER ACTION** |

### I. NOTICE, TITLE, CASE NUMBER, DESCRIPTION, AND LOCATION OF OTHER ACTION

Pursuant to Local Civil Rule 3(h), Amazon.com, Inc. notifies the Court and Plaintiff Steven Horn of the pendency of the action *In re Apple Inc. App Store Simulated Casino-Style Games Litigation*, which "involves all or a material part of the same subject matter . . . as another action that is pending" in another federal court. Local Rules W.D. Wash. LCR 7(h). *In re Apple* is pending before the Honorable Edward J. Davila of the United States District Court for the Northern District of California at Case No. 5:21-md-02985-EJD, Case No. 5:21-md-03001-EJD, and Case No. 5:21-cv-02777-EJD.[1] An interlocutory appeal of Judge Davila's September 2, 2022, order granting in

---

[1] Judge Davila coordinated the schedules and motions to dismiss for the actions pending collectively as *In re Apple*.

NOTICE OF PENDENCY OF ACTION
(No. 2:23-cv-01727-RSL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

part and denying in part the defendants' motion to dismiss that action is pending in the U.S. Court of Appeals for the Ninth Circuit (No. 22-6921).

The plaintiffs in *In re Apple* seek to represent a class of consumers who "allege that Defendants Apple, Google, and Facebook violate various state consumer protection laws by distributing game applications ('apps') that operate as social casinos and thus permit illegal gambling." 625 F. Supp. 3d 971, 974 (N.D. Cal. Sept. 2, 2022). The plaintiffs allege that the companies, through their app stores, "help the social casino app developers target consumers to maximize revenue," "operate as the payment processor for all in-app purchases of virtual chips in the Illegal Slots," and "are closely involved in social casinos' business strategies." *Id.* at 975–76 (cleaned up). The plaintiffs are "pursu[ing] claims under unfair competition laws, unjust enrichment, illegal gambling and/or gambling loss laws." *Id.* at 976.

Judge Davila ordered the parties to brief immunity under Section 230 of the Communications Decency Act ("CDA"), which "protects certain internet-based actors from certain kinds of lawsuits," because that issue is potentially dispositive of the plaintiffs' claims. *Id.* at 977 (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009)); *see also In re: Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 5:21-md-02985-EJD (N.D. Cal. 2022), ECF Nos. 90, 91. The companies thus moved to dismiss on that basis, and Judge Davila granted in part and denied in part the motion. *In re Apple*, 625 F. Supp. 3d at 974, 77. He held that two of the plaintiffs' three theories of liability—one based on promoting the apps and one based on working with developers to drive revenue—are barred by the CDA. *Id.* at 993–95. He held that the third theory—the sale of virtual chips through the app stores—is not barred by the CDA. *Id.* at 995.

Recognizing, however, that "reasonable minds could differ" on CDA immunity on the third theory and that it was a "controlling question of law," Judge Davila held that "[i]mmediate appeal on the section 230 immunity issue would help advance th[e] action and avoid unnecessary litigation." *Id.* at 996. Judge Davila thus *sua sponte* certified the decision for interlocutory appeal.

*Id.* The Ninth Circuit accepted the appeal, and initial briefs, responses, and several amicus briefs have been filed. *See, e.g.*, *In re: Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 22-16916 (9th Cir.), ECF Nos. 14 (Apple First Brief), 19 (TechFreedom Amicus Brief), 43 (Plaintiffs' First Brief). The Ninth Circuit is in the process of scheduling oral argument for April or May 2024. *See id.*, No. 22-16916 (9th Cir. Dec. 1, 2023), ECF No. 58. The district-court action before Judge Davila is stayed pending the appeal. *See In re Apple*, 625 F. Supp. 3d at 996.

## II. RELATIONSHIP BETWEEN THE TWO ACTIONS

*In re Apple* and this action involve similar issues, allegations, and defenses. Similar to the plaintiffs in *In re Apple*, Mr. Horn alleges that "Amazon owns and operates an app store where users can gamble on their mobile devices in Vegas-Style social casino apps." Compl., ECF No. 1 (Nov. 10, 2023) ¶ 3. He further alleges that Amazon "retain[s] full control over allowing social casinos into its [app] store, and their distribution and promotion therein" and "also shares directing in a substantial portion of the gamblers' losses, which are collected and controlled by Amazon." *Id.* ¶ 6. He asserts claims under the Washington Return of Money Lost at Gambling Act, the Washington Consumer Protection Act, and the Racketeer Influenced and Corrupt Organizations Act. *Id.* ¶ 18.

Mr. Horn's allegations that Amazon is liable for social casino apps available via the Amazon Appstore also raise the issue of immunity under the CDA—the same potentially dispositive defense addressed in *In re Apple* and on appeal before the Ninth Circuit. Moreover, the plaintiffs' interim counsel in *In re Apple* is the same lead counsel as in this action. *Compare* No. 5:21-md-02985-EJD (N.D. Cal.), ECF No. 36 (July 26, 2021) at 1 (referring to ECF No. 29, which lists lawyers from Edelson PC), *with* Compl., ECF No. 1 at 28.

## III. TRANSFER PURSUANT TO 28 U.S.C. § 1407

This action should not be transferred under 28 U.S.C. § 1407, the statute on multidistrict litigation.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## IV. COORDINATION OF THE ACTIONS

While the similarities between this action and *In re Apple* warrant notice under Local Civil Rule 3(h), Amazon is not requesting coordination of the actions at this time. Developments in *In re Apple* such as the Ninth Circuit appeal discussed above may, however, bear on the viability of Mr. Horn's claims and Amazon's defenses and so Amazon brings the matter to the Court's attention on that basis.

Dated: December 15, 2023

By: *s/ Charles C. Sipos*
Charles C. Sipos, WSBA No. 32825
Mallory Gitt Webster, WSBA No. 50025
Tyler S. Roberts, WSBA No. 52688
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CSipos@perkinscoie.com
MWebster@perkinscoie.com
TRoberts@perkinscoie.com

NOTICE OF PENDENCY OF ACTION
(No. 2:23-cv-01727-RSL) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

164729794