THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN HORN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | No. 2:23-cv-01727-RSL<br><br>AMAZON'S MOTION TO STAY PENDING NINTH CIRCUIT APPEAL<br><br>NOTE ON MOTION CALENDAR: JANUARY 19, 2024 |

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................................. 1

II.  BACKGROUND ............................................................................................................... 2

    A.   Section 230 of the Communications Decency Act bars claims against "interactive computer service" providers based on information provided by third parties. ............................................................................................... 2

    B.   The Ninth Circuit is poised to determine whether Section 230 bars claims against online platforms based on the availability of social casino apps. ............... 2

    C.   Mr. Horn's allegations raise the same Section 230 immunity issue that the Ninth Circuit will decide. ................................................................................... 5

III. ARGUMENT ..................................................................................................................... 7

    A.   The Court should stay this action pending the Ninth Circuit's decision on the scope of Section 230 immunity for platforms through which social casino apps are available. ................................................................................... 7

    B.   The Ninth Circuit's decision on the scope of Section 230 immunity will simplify that key threshold issue and could fully resolve Mr. Horn's claims. ................................................................................................................ 8

    C.   Staying this action pending the Ninth Circuit's decision on Section 230 immunity would cause no harm to Mr. Horn. ...................................................... 10

    D.   Staying this action will avoid inefficiencies and hardship that will occur if the action proceeds without the Ninth Circuit's guidance on Section 230 immunity. ............................................................................................................ 11

IV.  CONCLUSION ................................................................................................................ 12

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF AUTHORITIES**

Page(s)

CASES

*Babare v. Sigue Corp.*,
  No. C20-0894-JCC, 2020 WL 8617424 (W.D. Wash. Sept. 30, 2020) .......................... passim

*Backowski v. PeopleConnect, Inc.*,
  No. C21-0115RAJ, 2022 WL 1092519 (W.D. Wash. Apr. 12, 2022) .......................... 8, 10, 12

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ............................................................................................. 2

*City of L.A. v. Lyons*,
  461 U.S. 95 (1983) .............................................................................................................. 10

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ............................................................................................ 7, 10

*Dyroff v. Ultimate Software Grp.*,
  934 F.3d 1093 (9th Cir. 2019) ............................................................................................. 2

*In re Apple Inc. App Store Simulated Casino-Style Games Litig.*,
  625 F. Supp. 971 (N.D. Cal. 2022) .............................................................................. passim

*King Cnty. v. BP p.l.c.*,
  No. C18-758-RSL, 2018 WL 9440497 (W.D. Wash. Oct. 17, 2018) .................................. 8, 9

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) ............................................................................................ 7, 11

*Perfect 10, Inc. v. CCBill LLC*,
  488 F.3d 1102 (9th Cir. 2007) ............................................................................................. 2

*Sessa v. Ancestry.com Ops., Inc.*,
  No. 2:20-cv-02292-GMN-BNW, 2022 WL 18108426 (D. Nev. Jan. 18,
  2022) ..................................................................................................................................... 9

*Ten Bridges LLC v. Hofstad*,
  No. 2:19-cv-01134-RAJ, 2020 WL 6685153 (W.D. Wash. Nov. 12, 2020) .................. 10, 11

*Washington v. Trump (Trump I)*,
  No. C17-0141JLR, 2017 WL 1050354 (W.D. Wash. Mar. 17, 2017) ............................ 8, 9, 10

*Washington v. Trump (Trump II)*,
  No. C17-0141JLR, 2017 WL 2172020 (W.D. Wash. May 17, 2017) ...................... 8, 10, 11, 12

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**STATUTES**

47 U.S.C. § 230(c)(1) ............................................................................................................. 2

47 U.S.C. § 230(e)(3) ............................................................................................................. 2

47 U.S.C. § 230(f)(3) ............................................................................................................. 2

**OTHER AUTHORITIES**

Ninth Circuit General Order 9.2,
   https://cdn.ca9.uscourts.gov/datastore/uploads/rules/general_orders/General%20Orders.pdf (last visited Jan. 3, 2024) .............................................................. 11

Ninth Circuit FAQs,
   https://cdn.ca9.uscourts.gov/datastore/general/2016/12/01/FAQ_General.pdf
   (last visited Jan. 3, 2024) ................................................................................................ 4, 11

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

Plaintiff Steven Horn's theory of liability in this case is identical to a theory currently being addressed by the Ninth Circuit. Mr. Horn alleges that certain third-party software applications available for download from Amazon's Appstore are "social casino apps" that constitute unlawful gambling. It is undisputed that Amazon did not develop these apps—it simply operates the Appstore where third-party developers offer these and hundreds of thousands of other apps. Mr. Horn contends that Amazon can be held liable for the content of social casino apps because it processes payments on behalf of the apps' developers and provides marketing services and access to certain data. Amazon, by contrast, contends (among other things) that it is immune from liability under Section 230 of the Communications Decency Act of 1996 ("CDA") because it merely provides a distribution platform and did not develop any of the apps in question.

Whether the CDA protects app store operators like Amazon from liability under these circumstances is at the heart of a pending Ninth Circuit consolidated appeal involving Apple, Google, and Facebook (Meta). In that appeal, the same plaintiffs' lawyers before the Court here are challenging identical conduct, i.e., the distribution of social casino apps through those companies' app stores. The Ninth Circuit is therefore poised to squarely address the core legal question in this case concerning the scope of CDA immunity. Indeed, that legal question is so central that the district court in those cases *sua sponte* certified the question for immediate appeal, an invitation that the Ninth Circuit accepted.

Because the Ninth Circuit's resolution of the consolidated appeal will either foreclose this case entirely or substantially simplify the threshold CDA immunity issue, Amazon respectfully requests that the Court stay this action until the Ninth Circuit issues its opinion. Doing so would prevent the parties and the Court from wasting resources on a complex issue that the Ninth Circuit will soon resolve, and to the extent a dispute still remains, the Court would benefit from having the Ninth Circuit's guidance before addressing the viability of Mr. Horn's claims. Mr. Horn would suffer no prejudice from a stay, as it makes little sense for him to expend time and energy litigating

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

claims that the Ninth Circuit may soon reject outright. For all these reasons, the Court should enter a stay pending the Ninth Circuit's decision.

## II.  BACKGROUND

**A.  Section 230 of the Communications Decency Act bars claims against "interactive computer service" providers based on information provided by third parties.**

Section 230 of the CDA "protects certain internet-based actors from certain kinds of lawsuits." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009); *see also* 47 U.S.C. § 230. It specifies that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" and "[n]o cause of action may be brought and no liability may be imposed" in that circumstance. 47 U.S.C. § 230(c)(1) (first quotation); *id.* § 230(e)(3) (second quotation). Under Section 230, a provider may be liable only if it is "responsible in whole or in part, for the creation or development of [the] information." *Id.* § 230(c)(1); § 230(f)(3).

Section 230 immunity applies when three conditions are met: there is "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider."[1] *Barnes*, 570 F.3d at 1100–01 (cleaned up). When those conditions are met, "a plaintiff's claims should be dismissed." *Dyroff v. Ultimate Software Grp.*, 934 F.3d 1093, 1097 (9th Cir. 2019).

**B.  The Ninth Circuit is poised to determine whether Section 230 bars claims against online platforms based on the availability of social casino apps.**

Beginning in 2015, multiple plaintiffs filed class-action lawsuits alleging that certain social casino apps constituted unlawful gambling and sought refunds for money they had spent playing

---

[1] The CDA also applies to federal claims. *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) ("The majority of federal circuits have interpreted the CDA to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." (cleaned up)).

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the games.[2] Most of those cases settled, with the developers agreeing to change the apps and the plaintiffs releasing their claims against the developers and the non-party platforms through which the developers distributed their games (*i.e.*, Apple, Google, Meta, and Amazon).[3]

Meanwhile, other plaintiffs (many of whom are represented by the same counsel as Mr. Horn) filed a batch of new lawsuits against platforms through which app developers provide social casino apps. The lawsuits allege that Apple, Google, and Meta (the "Platforms") "conspired with the social casino app developers" to "violate various state consumer protection laws" and RICO "by distributing game applications ('apps') that operate as social casinos and thus permit illegal gambling." *In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 625 F. Supp. 971, 974–75 (N.D. Cal. 2022).[4] They allege that the Platforms are liable because they (1) allow social casino apps to be distributed through their platforms, (2) provide marketing tools and access to data that app developers use to promote their apps, and (3) provide payment-processing services that allow users to make in-app purchases. *See, e.g.*, Master Compl., *In re Apple Inc. App Store Simulated Casino-Style Games Litig.,* No. 5:21-md-02985-EJD (N.D. Cal. 2021), ECF No. 73 ¶ 185.

---

[2] *See, e.g.*, Compl., *Kater v. Churchill Downs, Inc.*, No. 2:15-cv-00612-RSL (W.D. Wash. Apr. 17, 2015), ECF No. 2; Compl., *Wilson v. Playtika, Ltd.*, No. 3:18-cv-05277-RSL (W.D. Wash. Apr. 6, 2018), ECF No. 1; Compl., *Wilson v. HUUUGE, Inc.*, No. 3:18-cv-05276-RSL (W.D. Wash. Apr. 6, 2018), ECF No. 1; Compl., *Reed v. Light & Wonder, Inc.*, No. 2:18-cv-00565-RSL (W.D. Wash. Apr. 17, 2018), ECF No. 1; Compl., *Ferrando v. Zynga, Inc.*, No. 2:22-cv-00214-RSL (W.D. Wash. Feb. 24, 2022), ECF No. 1; Compl., *Benson v. Double Down Interactive LLC*, No. 2:18-cv-00525-RSL (W.D. Wash. Apr. 9, 2018), ECF No. 1; Compl., *Wilson v. PTT, LLC*, 3:18-cv-05275-RSL (W.D. Wash. Apr. 6, 2018), ECF No. 1.

[3] *See, e.g.*, Class Action Settlement Agreement §§ 1.24, 1.27, 1.28, 2.2, 3.2, 3.4, *Kater v. Churchill Downs, Inc.*, No. 2:15-cv-00612-RSL (W.D. Wash. July 24, 2020), ECF No. 218-1. The platforms were released because the plaintiffs received compensation from the developers for the portion of the plaintiffs' payments the developers used to pay the platforms. *See id.* at 58 (explaining that settlement accounts for "the portion of the Settlement Class Member's spending attributable to Platform Provider fees").

[4] Amazon's references in this Motion to "*In re Apple*" mean the cases against Apple, Google, and Meta that are pending in the U.S. District Court for the Northern District of California as Case Nos. 5:21-md-02985-EJD, 5:21-md-03001-EJD, and 5:21-cv-02777-EJD; that Judge Edward J. Davila coordinated and collectively addressed in *In re Apple Inc. App Store Simulated Casino-Style Games Litigation*, 625 F. Supp. 971 (N.D. Cal. 2022); and that are consolidated on cross-appeals before the Ninth Circuit as Case Nos. 22-16888, 22-16889, 22-16914, 22-16916, 22-16921, and 22-16923.

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Those cases were centralized before Judge Edward J. Davila in the United States District Court for the Northern District of California. *See, e.g.*, Order Relating Case, No. 5:21-md-02985-EJD (N.D. Cal. 2021), ECF No. 9. Before the parties spent time and effort briefing multiple potential bases for dismissal, Judge Davila ordered the parties to focus their initial briefing on whether the CDA immunizes the Platforms from liability for third-party social casino apps available through their platforms and app stores. *See In re Apple*, No. 5:21-md-02985-EJD (N.D. Cal. 2022), ECF Nos. 90, 91 (limiting initial motions to dismiss to Section 230). The initial motions to dismiss therefore focused solely on that single issue.

In September 2022, Judge Davila held that the CDA immunizes the Platforms from all but one of the plaintiffs' three theories of liability. The plaintiffs' claims based on the Platforms' distributing and marketing the apps were "easily dismissed under section 230," and the court also dismissed their claims based on the Platforms making data available to the developers. *Id.* at 994–95. But Judge Davila did not dismiss the plaintiffs' claims based on the Platforms processing in-app payments. *Id.* at 994.

Recognizing, however, that Section 230 immunity is a "controlling question of law" and that "reasonable minds could differ as to the outcome of this case," Judge Davila certified the issue for interlocutory appeal. *Id.* at 996. He reasoned that "[i]mmediate appeal on the section 230 immunity issue would help advance th[e] action and avoid unnecessary litigation." *Id*. For the same reasons, he also stayed the litigation pending appeal. *Id.*

The Ninth Circuit accepted and consolidated the appeals. *See* Order, *In re Apple*, No. 22-80099 (9th Cir. Dec. 13, 2022), ECF No. 11; Order, *In re Apple*, No. 22-16914 (9th Cir. Dec. 5, 2023), ECF No. 59. The parties' opening and response briefs and several *amicus* briefs have been filed, and the Ninth Circuit is scheduling oral argument for April or May 2024. *See In re Apple*, No. 22-16914 (9th Cir. Dec. 1, 2023), ECF No. 58. Based on the Circuit's typical timeline, a decision is expected in mid-to-late 2024. *See, e.g.*, Ninth Circuit FAQs, https://cdn.ca9.uscourts.g

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

ov/datastore/general/2016/12/01/FAQ_General.pdf (last visited Jan. 3, 2024) (explaining that "most cases are decided within 3 months to a year after submission").

**C.   Mr. Horn's allegations raise the same Section 230 immunity issue that the Ninth Circuit will decide in the *In re Apple* appeal.**

Mr. Horn filed this action against Amazon on November 10, 2023. *See* Compl., ECF No. 1. He is represented by the same law firm serving as lead interim counsel in *In re Apple*, and his allegations against Amazon are nearly identical to those the plaintiffs asserted there. *In re Apple*, No. 5:21-md-02985-EJD (N.D. Cal. 2021), ECF No. 36 at 1 (referring to ECF No. 29, which lists lawyers from Edelson PC). As in *In re Apple*, Mr. Horn alleges that Amazon conspired with app developers to violate Washington's gambling laws by allowing the developers to distribute social casino apps through the Amazon Appstore and by providing marketing resources, access to data, and in-app payment-processing services. *See, e.g.*, *id.* ¶ 9 (alleging that Amazon "distribut[es] the casino games, provid[es] [the app developers] valuable data and insight about their players, and collect[s] money from consumers"). He asserts claims under Washington's Recovery of Money Lost at Gambling Act, the Washington Consumer Protection Act, and the Racketeer Influenced and Corrupt Organizations Act. *Id.* ¶¶ 69–125.

The following chart shows how Mr. Horn's theories of liability overlap with those in *In re Apple*.

| **Mr. Horn's Theories of Liability** | ***In re Apple* Theories of Liability** |
|---|---|
| *Distribution* ||
| "Defendant Amazon owns and operates an app store where users can gamble on their mobile devices in Vegas-Style social casino apps. Amazon aggressively markets and distributes these social casino apps . . . ." Compl. ¶ 3. | Alleging that Apple "offers and distributes social casinos through the App Store." Master Compl. ¶ 185. |

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | |
|---|---|
| "Not only does Amazon retain full control over allowing social casinos into its store, and their distribution and promotion therein, but it also shares directly in a substantial portion of the gamblers' losses, which are collected and controlled by Amazon." Compl. ¶ 6. | "Not only do the Platforms retain full control over allowing social casinos into their stores, and their distribution and promotion therein, but they also share directly in a substantial portion of the gamblers' losses, which are collected and controlled by the Platforms themselves." Master Compl. ¶ 5. |
| "[S]ocial casino operators needs Amazon to access consumers, promote their games, and broker all payments for virtual chips." Compl. ¶ 16. | "Social casino operators need Platforms like Apple, Google, and Facebook [Meta], to access consumers, host their games, and process payments." Master Compl. ¶ 19. |
| ***Promotion*** ||
| "The core marketing for the Illegal Slots is accomplished in concert with Amazon, and their systems are inextricably linked." Compl. ¶ 32. | "The core marketing for the Illegal Slots is accomplished in concert with the Platforms, and their systems are inextricably linked." Master Compl. ¶ 75. |
| Alleging that Amazon "counsel[s] the app developers through the app launch process and providing them with resources and business tools necessary to maximize their success on the Amazon Appstore." Compl. ¶ 46. | "Apple aids in the design and direction of targeted advertising, both on and within its App Store and other related Apple platforms, all aimed at driving new customers to the Illegal Slots and retaining current gamblers[.]" Master Compl. ¶ 94. |
| Alleging that Amazon "monitor[s] the game activity and use[s] the collected data to increase user spending." Compl. ¶ 47. | "The Illegal Slot companies and Apple monitor the game activity and use the collected data to increase user spending." Master Compl. ¶ 91. |

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 6

| *In-App Payment Processing* | |
|---|---|
| "[B]ecause the Illegal Slots are required to use Amazon's payment system to process all in-game purchases, Amazon collects a 30 percent portion of every transaction." Compl. ¶ 53. | "[B]ecause the Illegal Slots are required to use Apple's payment system to process all in-game purchases, Apple collects a 30 percent service fee off of every transaction." Master Compl. ¶ 95. |

\* \* \*

As with the Platforms in *In re Apple*, Amazon's position is that Section 230 bars Mr. Horn's claims.[5] Because the Ninth Circuit is poised to address this issue in the coming months, Amazon proposed to Mr. Horn that the parties agree to stay this action until the Ninth Circuit's decision so that the parties and Court could benefit from the Circuit's guidance and avoid unnecessary expense. Declaration of Charles Sipos in Support of Motion to Stay ("Sipos Decl.") ¶¶ 2–3. Mr. Horn declined. *Id.* ¶ 4.

### III.   ARGUMENT

**A.   The Court should stay this action pending the Ninth Circuit's decision on the scope of Section 230 immunity for platforms through which social casino apps are available.**

The Court has the authority to manage "its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). That authority includes the power to stay an action "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). When assessing whether to stay an action pending decision in another, the Court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the

---

[5] Nothing in this Motion to Stay should be construed as a waiver by Amazon of any other argument, right, or defense. As applicable and at the appropriate time, Amazon intends to raise other bases for dismissal and defenses to Mr. Horn's claims.

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

Applying those factors, judges in this District "often stay proceedings where resolution of an appeal in another matter is likely to provide guidance to the court in deciding issues before it." *Washington v. Trump (Trump II)*, No. C17-0141JLR, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017) (Robart, J.); *see also Backowski v. PeopleConnect, Inc.*, No. C21-0115RAJ, 2022 WL 1092519, at *4 (W.D. Wash. Apr. 12, 2022) (Jones, J.) (staying case pending Ninth Circuit decision on relevant legal issue); *Babare v. Sigue Corp.*, No. C20-0894-JCC, 2020 WL 8617424, at *3 (W.D. Wash. Sept. 30, 2020) (Coughenour, J.) (staying class action pending Supreme Court decision on relevant legal issue); *King Cnty. v. BP p.l.c.*, No. C18-758-RSL, 2018 WL 9440497 (W.D. Wash. Oct. 17, 2018) (Lasnik, J.) (staying action pending Ninth Circuit's resolution of appeal with "substantial overlap" because the Ninth Circuit's ruling would have "significant relevance to—and potentially control—the court's subsequent ruling" (citation omitted)).

The Court should stay this action pending the Ninth Circuit's decision on the scope of Section 230 immunity for platforms through which social casino apps are allegedly available. The Circuit's decision will simplify that threshold issue for both the Court and the parties, Mr. Horn will not experience any harm from a relatively brief stay, and Amazon and the Court will likely experience significant hardship and wasted resources if the litigation moves forward before the Ninth Circuit rules.

**B.     The Ninth Circuit's decision on the scope of Section 230 immunity will simplify that key threshold issue and could fully resolve Mr. Horn's claims.**

The threshold issue in this action is the same as the one currently before the Ninth Circuit: whether Section 230 immunizes platforms against claims related to social casino apps that third parties offer through the platform (*i.e.*, Amazon's Appstore). *Washington v. Trump (Trump I)*, No. C17-0141JLR, 2017 WL 1050354, at *4 (W.D. Wash. Mar. 17, 2017) (Robart, J.) (explaining that

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

"a finding that the issues" in cases pending before different courts "are substantially similar is sufficient to support a stay").

Allowing the Ninth Circuit to first address the scope of Section 230 immunity—in an appeal involving the same core facts alleged here—will simplify the issues for the Court and the parties and could completely resolve this action. Indeed, regardless of what the Circuit decides, the parties and the Court will have "the benefit of the Ninth Circuit's analysis," allowing the parties to streamline their initial briefing and informing this Court's evaluation of Section 230 immunity. *Id.* at *5. The guidance will be particularly helpful because, as Judge Davila recognized in *In re Apple*, Section 230 immunity can present a "complicated question" on which "reasonable minds could differ" without the Circuit's guidance. 625 F. Supp. 3d at 996. Briefly pausing to allow for the Ninth Circuit's opinion will guide the Court in determining how decades of evolving precedent might apply to third-party social casino apps available through an online platform—a question that has so far required more than 100 pages of briefing and two hours of oral argument in the district court, a 37-page opinion from Judge Davila, and even lengthier briefing in the Ninth Circuit. It would therefore "waste judicial resources to decide" Section 230 immunity now "when guidance from the Ninth Circuit is likely to be available soon." *Trump I*, 2017 WL 1050354, at *5; *see also Babare*, 2020 WL 8617424, at *2 ("[I]t makes little sense for the parties to spend more time and effort briefing that issue (and for the Court to spend time and effort resolving it) when the Supreme Court is likely to provide a conclusive answer in a few months.").

And if the Ninth Circuit holds that the CDA bars claims like Mr. Horn's, its opinion will likely resolve this case. *See Sessa v. Ancestry.com Ops., Inc.*, No. 2:20-cv-02292-GMN-BNW, 2022 WL 18108426, at *3–4 (D. Nev. Jan. 18, 2022) (staying action pending Ninth Circuit's resolution of appeal presenting potentially dispositive CDA immunity issue). After concluding that the CDA barred two of the three theories of liability asserted against Apple, Google, and Meta, Judge Davila explained that "[i]f the Ninth Circuit reverses this Court as to Plaintiffs' second theory of liability, the case is resolved in its entirety." *Id.* at 996; *see also BP p.l.c.*, 2018 WL

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

9440497, at *1 (recognizing that the Ninth Circuit's ruling would have "significant relevance to—and potentially control—the court's subsequent ruling"). The same would be true here because the allegations in the cases substantially overlap. *See supra* § II.B & C.

Waiting for the Ninth Circuit's decision also avoids the possibility of inconsistent rulings from this Court and the Circuit that the parties and the Court would "then need to disentangle." *See Backowski*, 2022 WL 1092519, at *3; *see also Trump I*, 2017 WL 1050354, at *5 ("Considerable judicial resources may be wasted 'if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed.'" (citation omitted)).

### C. Staying this action pending the Ninth Circuit's decision on Section 230 immunity would cause no harm to Mr. Horn.

A short stay pending the Ninth Circuit's decision in *In re Apple* would cause no meaningful harm to Mr. Horn. In evaluating this factor, the Court considers whether a stay would affect a plaintiff's ability to recover the relief sought or lead to the loss of evidence. *See, e.g.*, *Babare*, 2020 WL 8617424, at *2 (delay in potentially recovering damages insufficient); *Ten Bridges LLC v. Hofstad*, No. 2:19-cv-01134-RAJ, 2020 WL 6685153, at *2 (W.D. Wash. Nov. 12, 2020) (same); *Trump II*, 2017 WL 2172020, at *4 (explaining that there was little risk of lost evidence and that risk was an insufficient reason for denying a stay).

Judges in this District routinely hold that a delay in collecting potential damages is insufficient to deny a stay. *See Babare*, 2020 WL 8617424, at *2 (citing *CMAX*, 300 F.2d at 268–69). Here, Mr. Horn purports to seek injunctive relief along with damages, but he does not allege *ongoing* harm from Amazon that would be necessary to establish any potential right to injunctive relief. *See City of L.A. v. Lyons*, 461 U.S. 95, 105–110 (1983). So, "[t]he only conceivable damage here is a potential delay in the recovery of money damages, which on its own, is insufficient to warrant denial of a stay." *Ten Bridges*, 2020 WL 6685153, at *2. And even if Mr.

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Horn did allege ongoing harm, the benefits and efficiencies from staying the action to await the Ninth Circuit's decision on the scope of Section 230 immunity outweigh the minimal delay.

Nor is there any significant risk of evidence being lost because Amazon must preserve (and is preserving) evidence consistent with its discovery obligations. *See Babare*, 2020 WL 8617424, at *2 (explaining that the potential of losing evidence was not a sufficient basis under the facts for denying a stay); *see also Trump II*, 2017 WL 2172020, at *4 (same).

The fact that the same law firm representing Mr. Horn waited to file this complaint until years after it filed virtually identical cases against Apple, Google, and Meta (and even longer after it filed the cases against the app developers themselves) further demonstrates that a minimal delay while waiting for the Ninth Circuit's decision is unlikely to cause any material harm. And in those same cases, none of the 60+ plaintiffs (many of whom are represented by Mr. Horn's counsel) objected to Judge Davila's even longer stay of that litigation pending the Ninth Circuit appeal, further showing there will not be any harm from a stay.

Moreover, the action is in its earliest stages and the stay will likely last only a few months. *See* Ninth Circuit FAQs, https://cdn.ca9.uscourts.gov/datastore/general/2016/12/01/FAQ_General.pdf (last visited Jan. 3, 2024). The Ninth Circuit is scheduling oral argument for April or May 2024, and it endeavors to issue decisions promptly after argument. *See* Ninth Circuit General Order 9.2, https://cdn.ca9.uscourts.gov/datastore/uploads/rules/general_orders/General%20Orders.pdf (last visited Jan. 3, 2024). Therefore, the anticipated length of the stay is "reasonable . . . in relation to the urgency of the claims presented." *Leyva*, 593 F.2d at 864; *see also Babare*, 2020 WL 8617424, at *2 (granting stay when Supreme Court's opinion was expected within ten months).

**D.   Staying this action will avoid inefficiencies and hardship that will occur if the action proceeds without the Ninth Circuit's guidance on Section 230 immunity.**

On the other hand, proceeding in the face of a looming Ninth Circuit ruling will likely impose hardship on everyone—the Court, Mr. Horn, and Amazon. The most significant hardship "is the burden of engaging in costly discovery and motion practice that could be unnecessary" if

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the Circuit holds that parties like Amazon are immune from some or all of Mr. Horn's claims. *Babare*, 2020 WL 8617424, at *2; *see also Ten Bridges*, 2020 WL 6685153, at *3 ("Requiring all parties to move forward with discovery, however, may result in needless expense and effort . . . ."); *Trump II*, 2017 WL 2172020, at *4 (holding that a stay was appropriate "to protect Defendants from the burden of resource intensive discovery while the Ninth Circuit addresses issues that may inform the appropriateness, scope, and necessity of that discovery"). Moreover, "it is not an efficient use of the Court's time and effort to police discovery . . . that could turn out to be unnecessary." *Babare*, 2020 WL 8617424, at *3. The burden of moving forward is therefore likely to fall disproportionately on the Court and Amazon. *Id.* at *2 (explaining that "[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens"). Ultimately, though, a stay will benefit everyone—including Mr. Horn—by avoiding "unnecessary briefing and premature expenditures of time, attorney's fees, and resources" until the Court and the parties know the scope of Section 230 immunity in this context. *Backowski*, 2022 WL 1092519, at *3.

### IV. CONCLUSION

For those reasons, Amazon respectfully requests that the Court stay this action until the Ninth Circuit resolves the appeal of *In re Apple*.

Dated: January 4, 2024

By: *s/ Charles C. Sipos*
Charles C. Sipos, WSBA No. 32825
Mallory Gitt Webster, WSBA No. 50025
Tyler S. Roberts, WSBA No. 52688
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CSipos@perkinscoie.com
MWebster@perkinscoie.com
TRoberts@perkinscoie.com

**I certify that this brief contains 4,200 words, in compliance with the Local Civil Rules.**

MOTION TO STAY PENDING
NINTH CIRCUIT APPEAL
(No. 2:23-cv-01727-RSL) – 12

164757066

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000