The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STEVEN HORN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>*Defendant*. | No. 2:23-cv-01727-RSL<br><br>PLAINTIFF'S RESPONSE TO AMAZON'S MOTION TO STAY PENDING NINTH CIRCUIT APPEAL<br><br>Noting Date: January 19, 2024 |

## INTRODUCTION

After receiving Plaintiff's Complaint in November and obtaining a 43-day extension to respond, Amazon now asks the Court to halt this case entirely until a separate Ninth Circuit appeal is resolved. But Amazon's reliance on the pending *In re Apple* appeal to justify a long-term stay is misplaced. That appeal, *regardless of result*, will not resolve Plaintiff's claims; this case will eventually move forward with the exact same motion practice and discovery. Moreover, needlessly delaying the start of Plaintiff's case by months, or more likely years, significantly prejudices Plaintiff and the proposed nationwide class of consumers, who would continue to suffer financial and addiction-related harms and would be deprived of their statutory

protections against illegal gambling—all while Amazon profits (to the tune of billions) from its illegal gambling enterprise. On the other hand, the cost to Amazon of beginning basic litigation is minimal. Therefore, the Court should deny Amazon's Motion to Stay ("Motion"); in the alternative, it should issue only a limited stay that permits Rule 12(b)(6) motion practice and limited discovery.

## BACKGROUND

### A. *In re Apple* Multidistrict Litigation and Appeal

In 2021, multiple class action lawsuits against Apple, Google, and Meta were consolidated into three actions which were then related before Judge Davila in the U.S. District Court for the Northern District of California. *See In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 5:21-md-02985-EJD (N.D. Cal.); *In re Google Play Store Simulated Casino-Style Games Litig.*, No. 5:21-md-03001-EJD (N.D. Cal.); *In re Facebook Simulated Casino-Style Games Litig.*, No. 5:21-cv-02777-EJD (N.D. Cal.). The plaintiffs in those actions allege Apple, Facebook, and Google violated various state gambling and consumer protection laws by participating in, facilitating transactions in, and profiting from unlawful social casinos. *See, e.g.*, *In re Apple*, 625 F. Supp. 3d 971, 974 (N.D. Cal. 2022). These consolidated actions involved claims under many different states' laws, so the parties discussed a phased approach to pleadings motions. *See, e.g.*, *In re Apple*, Dkt. #86 (Joint Case Management Statement in which Apple proposed initial single-issue brief on Section 230, Meta proposed an initial brief of other issues, and Google proposed just a single round of briefing on all issues). After a hearing, the court ordered initial motions to dismiss limited to Section 230. *In re Apple*, Dkt. #91.

Following full briefing, in September 2022, the district court denied each Platform's motion to dismiss. *In re Apple*, 625 F. Supp. 971 (N.D. Cal. 2022). Specifically, the court found that a theory of liability based on "the Platforms['] processing of unlawful transactions for unlawful gambling" (i.e., their "role as a bookie") was "grounded in the Platforms' own bad acts, not in the content of the social casino apps that the Platforms display" and therefore fell outside the scope of Section 230 immunity. *Id.* The court also certified the order for interlocutory appeal.

1  *Id.* at 996.

2  The Ninth Circuit accepted the appeals in December 2022, consolidated the appeals in December 2023, and is currently scheduling oral argument no earlier than April or May 2024. *See In re Apple*, No. 22-16914 (9th Cir.), Dkt. #1, 59, 60. The Platforms challenged the district court's holding that brokering unlawful payments is not publishing or speaking activity under Section 230. Plaintiffs-appellees argue the district court correctly decided that issue, but also raise a cross-appeal challenging the district court order as improper under Rule 12 because it addressed "theories" of liability, while Rule 12(b)(6) refers to claims. *See* Declaration of Todd Logan ("Logan Decl."), Ex. 1 (Plaintiffs-Appellees' Consolidated Principal and Response Brief, *In re Apple*, No. 22-16914) at 60-70 (arguing that a claim with any viable theory survives a motion to dismiss, and asking the Ninth Circuit to modify the order accordingly).

**B.  Plaintiff's Relevant Allegations in this Action**

Plaintiff filed this proposed class action in November 2023, alleging that Amazon violated Washington's "Recovery of Money Lost at Gambling" statute, Washington's Consumer Protection Act, and federal anti-racketeering law. *See* Complaint ("Compl."), Dkt. #1. ¶¶ 69-125. Specifically, Plaintiff alleges that Amazon acts as the "bank" for unlawful social casinos and uses its own methods to help target consumers with gambling problems. Plaintiff further alleges that Amazon directly and illegally sells Amazon-branded "Amazon coins" within the social casino apps for the purposes of unlawful gambling. Compl. ¶ 43. Consumers playing illegal social casinos through Amazon are prompted to purchase "Amazon coins" within the slot machine game. *See id.*, Figure 3 (reproduced below, stating explicitly the coins are "Sold by Amazon.com Services LLC"). "Amazon Coins" have real cash value and, once converted into virtual chips, allow users to wager on slot machine spins in the hopes of winning more chips in order to continue spinning. Compl. ¶¶ 41-43. *See* **Figure 1** below.

(**Figure 1**)

After Plaintiff filed his complaint, Amazon requested a significant extension of time to respond. The parties conferred and stipulated to a 43-day extension, until January 19, 2024. *See* Dkt. # 18 at 2 (describing stipulated order extending Amazon's deadline). On January 4, Amazon filed the instant motion as well as a motion to extend the deadline for a responsive pleading until this motion to stay is resolved.

## ARGUMENT

When determining a motion to stay an action pending resolution of independent proceedings, courts evaluate three factors: (1) the possible damage from granting the stay, (2) the hardship or inequity caused if the action proceeds, and (3) the "orderly course of justice" measured in whether a stay simplifies the issues in dispute. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The first factor—damage from the stay—drives the analysis. If there is even a "fair possibility" the stay will "work damage to someone else," the burden is on the moving party to make a showing of "a clear case of hardship or inequity." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, all three factors weigh against the complete stay Amazon requests. On the third factor, staying this case would not promote the "orderly course of justice" because the Ninth

Circuit's decision in *In re Apple*—whatever it is—will not be dispositive of Plaintiff's claims. And an appellate order affirming the district court's order (or sidestepping the Section 230 question entirely) would of course do nothing to simplify any issues in this case. In any event, the balance of hardships embodied in the first two factors makes clear that the Court should deny Amazon's Motion. There is more than a "fair possibility" Amazon's ongoing illegal conduct—collecting billions of dollars from consumers and targeting vulnerable gambling addicts by design—harms Plaintiff and the proposed class. Amazon, on the other hand, has no real hardship to show if this case goes forward: it will incur basic litigation expenses such as motion-to-dismiss briefing and initial discovery (which the Court could limit, as set forth below). The Court should deny Amazon's Motion.

I.   **Staying this Action—Before Any Motion Practice or Discovery—Does Not Promote the Orderly Course of Justice.**

Beginning with the third factor, courts have found that a stay is unwarranted where the independent proceeding is "unlikely to decide, or contribute to the decision of, the factual and legal issues" in the underlying case. *Carolina Cas. Ins. Co. v. Ott*, No. C09-5540 RJB, 2010 WL 1286821, at *3 (W.D. Wash. Mar. 26, 2010). Though Amazon claims the Ninth Circuit will decide "whether Section 230 immunizes platforms against claims related to social casino apps," Motion at 8, this overstates and oversimplifies the *In re Apple* appeal. *Id.* The Ninth Circuit's decision—regardless of outcome—will not be dispositive of Plaintiff's claims in this case, and the Circuit could simply affirm or decline to reach the Section 230 issue at all.

A. **Regardless of Outcome, the *In re Apple* Appeal Will Not Resolve Plaintiff's Case.**

The *In re Apple* appeal generally addresses whether "processing" unlawful gambling transactions constitutes publishing conduct under the Ninth Circuit's *Barnes* test. *See In re Apple Inc.* 625 F. Supp. at 994-96 (order from District Court certifying question for interlocutory appeal to Ninth Circuit); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009). The *In re Apple* plaintiffs argue—and the district court below found—that Apple's, Google's, and Facebook's conduct in brokering unlawful transactions (*i.e.*, processing the sale of virtual chips

in social casino apps) is not publishing or speaking and therefore falls outside Section 230 immunity. *In re Apple*, 625 F. Supp. 3d at 994, 995.

On the merits, the Ninth Circuit is likely to affirm the holding that Section 230 does not immunize platforms from liability for processing unlawful gambling transactions.[1] But however the Ninth Circuit rules, its decision will not reach Plaintiff's allegations here that Amazon itself directly and illegally sells "Amazon coins" within social casino apps for the purposes of unlawful gambling. *See* Dkt. #1 ("Compl.") ¶ 43. Even more so than the other platforms' brokering of unlawful virtual chip sales, Amazon's direct coin sales could not possibly be construed as "publisher or speaker" conduct. *See, e.g.*, *Lemmon v. Snap, Inc.,* 995 F.3d 1085, 1093 (9th Cir. 2021) (finding Section 230 does not immunize providers' own conduct and content); *see also In re Apple*, 625 F. Supp. 3d at 992 (noting "[S]ection 230 does not apply to a platform's own bad acts."). Amazon ignores this unique allegation, Motion at 5-6, but it presents a materially different application of Section 230 in this case and ensures that this Court will have to determine Section 230 arguments regardless of what the Ninth Circuit decides.

Amazon argues that a stay is justified because any ruling on Section 230 will "inform[] this Court's evaluation of Section 230." Motion at 9. But in the cases Amazon relies upon, the court emphasized a high probability the separate appeal would resolve the case in its entirety, dispose of major issues, and/or prevent unnecessary discovery. *See Washington v. Trump,* No. C17-0141JLR, 2017 WL 2172020, at *3 (W.D. Wash. May 17, 2017) (finding the appeal will "likely 'settle many' issues and 'simplify' others"); *King Cnty. V. BP p.l.c.*, No. C18-758-RSL, 2018 WL 9440497, at *1 (W.D. Wash. Oct. 17, 2018) (finding the appeal concerns "identical"

---

[1] Plaintiff will refrain from litigating the merits of the *In re Apple* appeal here, since those arguments are already laid out in Plaintiffs-Appellees' brief (attached as Exhibit 1 to the Logan Declaration), in controlling Ninth Circuit caselaw, and in recent decisions from other circuits. *See, e.g.*, Ex. 1; *HomeAway.com, Inc. v. City of Santa Monica,* 918 F.3d 676, 684 (9th Cir. 2019) (finding that Section 230 did not immunize claims against platforms for brokering unlicensed—and so unlawful—rental transactions); *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 567 (7th Cir. 2023) (finding that liability for supporting and facilitating sex trafficking on a third-party website does not target a platform as a publisher or speaker).

1   actions and will "potentially control" the court's ruling); *Babare v. Sigue Corp.*, No. C20-0894-
2   JCC, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) (finding Supreme Court would
3   "settle a question of law . . . central to this litigation" in a few months); *Backowski v.
4   PeopleConnect, Inc.*, No. C21-0115RAJ, 2022 WL 1092519, at *3 (W.D. Wash. Apr. 12, 2022)
5   (finding the case concerns "the identical issue" on appeal to the Ninth Circuit). These decisions
6   emphasize that, while the independent appeal need not be controlling, parties seeking a stay
7   based on "the orderly course of justice" must show more than mere similarity or some
8   overlapping issues. Amazon's atrophied version of that standard—asking courts to wait for
9   resolution of an appeal that might "inform[]" or "guid[e]" the case, Motion at 9—would almost
10  always justify a stay. *See Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-CV-04303-WHO, 2021
11  WL 2948868, at *5 (N.D. Cal. July 14, 2021) (finding mere "factual similarities" insufficient to
12  justify a stay).

13          Here, even the most platform-friendly ruling by the Ninth Circuit would not resolve this
14  case, and this Court would still have to determine whether Section 230 applied to Plaintiff's
15  unique factual allegations. *See Wolfire Games, LLC v. Valve Corp.*, No. C21-0563-JCC, 2021
16  WL 4952220, at *3 (W.D. Wash. Oct. 25, 2021) (finding a stay unnecessary where the same
17  claims "would eventually need to be addressed" by the court); *Torliatt* 2021 WL 2948868 at *5
18  (rejecting stay where pending appeal did not impact one of plaintiff's discrete claims); *Salinas v.
19  City of San Jose*, No. 5:09-CV-04410 EJD, 2012 WL 2906052, at *3 (N.D. Cal. July 13, 2012)
20  (finding that material factual differences counsel against a stay even if a Ninth Circuit decision
21  will impact case).

22      **B. The Ninth Circuit May Not Offer Any New Guidance on Section 230.**

23          Amazon's claim that the Ninth Circuit's decision will "inform" the issues in this case is
24  nothing more than hopeful supposition. Indeed, it is also worth noting that the Ninth Circuit may
25  not offer any Section 230 analysis at all. Most obviously, the Ninth Circuit could simply affirm
26  the district court's decision without offering any of the "guidance" Amazon speculates would be
27  helpful to this Court. Motion at 9. Moreover, Amazon also ignores the fact that the *In re Apple*

1  plaintiffs raised a cross-appeal related to the district court's dismissal of "theories" under Rule

2  12(b)(6). *See* Ex. 1 at 60-70. The Ninth Circuit could remand with instructions to modify the

3  order based on Rule 12, without wading into any Section 230 issues. *Id.* at 70. These possibilities

4  make it even more unlikely that delaying this case pending *In re Apple* would promote the

5  "orderly course of justice."

6  **II.   Granting a Lengthy Stay of this Entire Action Harms Plaintiff and the Proposed Class.**

7

8  Amazon downplays the delay as a "short stay . . . caus[ing] no meaningful harm to Mr.

9  Horn," Motion at 10, but this argument is both callous and incorrect.

10  **A. The Requested Stay Is Functionally Indefinite.**

11  Starting with timing, Amazon's asserts "the stay will likely last only a few months,"

12  Motion at 11, but ignores the reality of recent Ninth Circuit timelines and the possibility of

13  further appellate review. While the average timeframe from oral argument to decision in Ninth

14  Circuit appeals is 3-12 months, Motion at 5, the court has not yet set a date for oral arguments,

15  briefing remains incomplete, and further extensions are possible. Moreover, a recent Section 230

16  case in the Ninth Circuit did not receive a decision until 15 months after oral argument, *see*

17  *Gonzalez v. Google LLC,* 2 F.4th 871 (9th Cir. 2021), and then took an additional two years to

18  wind its way to the Supreme Court for a final order. *See Gonzalez v. Google LLC*, 598 U.S. 617

19  (2023).

20  Amazon itself argues the *In re Apple* appeal is complex and important, Motion at 9,

21  suggesting both that the Ninth Circuit may require additional time and that further appeals are

22  likely (however the Ninth Circuit rules). This possibility of additional appeals compounds the

23  expected burden on Plaintiff since the stay Amazon requests is functionally indefinite. *See D.C.*

24  *by & through Garter v. Cnty. of San Diego,* No. 15CV1868-MMA (NLS), 2017 WL 1365693, at

25  *3 (S.D. Cal. Apr. 14, 2017) ("The Ninth Circuit has stated that even a stay that terminates 'upon

26  the resolution of [an] appeal' has an indefinite term because" of potential Supreme court review

27  or remand) (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000)); *Cabiness v. Educ. Fin.*

*Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) (finding delay caused by likely appeal to the Supreme Court prejudices non-moving party). "Long term" or "indefinite" stays require "a greater showing to justify it," *Yong*, 208 F.3d at 1119, and such stays are generally disfavored, *Dependable Highway Exp.*, 498 F.3d at 1066.

### B. Amazon's Requested Stay Unreasonably Delays Relief for Ongoing Harms, Undermines Statutory Protections for Consumers, and Risks Losing Important Evidence.

Though Amazon attempts to brush off concerns of prejudice, the functionally indefinite stay it requests would seriously harm Plaintiff and the proposed Class. First, Amazon's blithe assertion that a delay in collecting monetary damages is insufficient to show prejudice is incorrect. Motion at 10. If a "protracted delay" in receiving damages "was never a sufficient justification for lifting a stay, then such stays could be extended indefinitely," even in cases where the pending appeal resolved nothing. *Adams v. Nationstar Mortg. LLC*, No. CV 15-9912-DMG (KSX), 2018 WL 702848, at *2 (C.D. Cal. Feb. 2, 2018). The two cases Amazon relies on to downplay a delay in damages both concerned dispositive appeals. *See Babare*, 2020 WL 8617424 (finding Supreme Court likely to provide "conclusive answer in a few months."); *Ten Bridges LLC v. Hofstad*, No. 2:19-CV-01134-RAJ, 2020 WL 6685153, at *2 (W.D. Wash. Nov. 12, 2020) (finding state court will decide "fundamentally the same" issue in several months). Here, no such dispositive ruling is imminent. Moreover, Plaintiff alleges that he personally has spent "large amounts of money" and that "consumers spend *hundreds of thousands* on the Illegal Slots." Compl. ¶ 52; *compare Babare*, 2020 WL 8617424, at *2 (plaintiff seeking small statutory damages award and not alleging ongoing harm). That money lost to illegal gambling may be minor to Amazon but is life-altering to potential Class members.

Moreover, Amazon's statement that Plaintiff "does not allege *ongoing* harm" is facially wrong.[2] Motion at 10. Plaintiff seeks injunctive relief, individually and on behalf of the proposed

---

[2] Amazon's only citation to support this incorrect assertion—*City of L.A. v. Lyons*, 461 U.S. 95 (1983)— is plainly inapposite. Motion at 10. In *Lyons*, the Supreme Court denied injunctive relief on standing grounds in a suit regarding police chokeholds because the plaintiff did not allege a deliberate city policy authorizing illegal chokeholds. 461 U.S. at 106. Here, Plaintiff alleges an ongoing illegal enterprise and ongoing violations of Washington's consumer protection statutes.

Class, asking the Court to enjoin Amazon's ongoing statutory violations. *See, e.g.*, Compl. ¶ 94 ("Plaintiff, on their own behalf and on behalf of the Class, seeks to enjoining further violation [of the Washington CPA.]"); *id.* ¶ 116 ("The wrongful conduct of the Social Casino Enterprise [is an] ongoing way of doing business and constitutes a continuing threat to the Plaintiff's and the Class's property."); *see also Wilson v. PTT, LLC*, No. C18-5275RSL, 2021 WL 211532, at *8 n.6 (W.D. Wash. Jan. 21, 2021) ( "[P]laintiff is permitted to seek injunctive relief based on alleged class members' injuries," even if plaintiff personally had stopped playing the at-issue social casino app). In his Complaint, Plaintiff alleges serious—and in some cases irreparable—ongoing harms that he and Class members face on top of their financial losses. *See, e.g.*, Compl. ¶ 10 ("Consumers addicted to social casinos suffer a variety of non-financial damages ranging from depression to divorce to attempted suicide."); *id.* ¶¶ 57-60 ("Plaintiff Horn has been addicted to various Illegal Slots . . . . Playing the Illegal Slots has had a devastating impact on Plaintiff Horn's life. Playing the game and its related losses has also placed a significant strain on his personal relationships . . . ."). These are precisely the types of harm that weigh powerfully against an indefinite stay. *See Great Am. Ins. Co. v. Sea Shepherd Conservation Soc'y*, No. C13-1017RSM, 2013 WL 12304065, at *2 (W.D. Wash. Sept. 19, 2013) (finding prejudice heightened where party seeks injunctive relief); *Washington v. Internet Ord.*, LLC, No. C14-1451JLR, 2015 WL 918694, at *5 (W.D. Wash. Mar. 2, 2015) (finding a delay that undermines public policy and statutory protections "is the type of harm" weighing against stay).

Finally, granting Amazon's requested stay risks lost evidence since Amazon's defense in this case includes the role of third-party app developers. *See, e.g.*, Motion at 9. While Amazon makes assurances about its own evidence retention, Motion at 11, it cannot do so for third-parties, especially where the pending appeal could drag on for years. *See Montegna v. Ocwen Loan Servicing, LLC*, No. 17-CV-00939-AJB-BLM, 2017 WL 4680168, at *6 (S.D. Cal. Oct. 18, 2017) (finding evidence in control of third-parties endangered by a stay). Courts also consider the increased difficulty of reaching potential class members as time passes. *D.C. by & through Garter*, 2017 WL 1365693, at *4 (S.D. Cal. Apr. 14, 2017) (finding risk of losing putative class

member information constitutes potential "denial of monetary recovery" rather than just delay); *Cabiness*, 2017 WL 167678, at *3 (denying stay and finding difficulty in reaching class members is prejudicial).

Together, the harms that a lengthy stay would impose on Plaintiff and the proposed Class are substantial and militate against granting Amazon's Motion.

### III. Amazon Shows No Serious Hardship—Let Alone a Heightened Showing—from Proceeding with Litigation.

Because Mr. Horn faces a "fair possibility" of damage from a stay, Amazon must make out a "clear case of hardship." *Dependable Highway*, 498 F.3d at 1066. The bar is higher because Amazon's requested stay pending appeal is long-term and functionally indefinite. *See Yong,* 208 F.3d at 1119. Yet Amazon offers few specifics when it comes to its own purported hardship beyond general appeals to judicial resources. These arguments fall short.

On their own, risks to "judicial economy" or having to "defend a suit" are not hardships that justify a complete stay of litigation. *Dependable Highway*, 498 F.3d at 1066. Filing a motion to dismiss and beginning initial discovery costs Amazon and its team of lawyers very little. And because the *In re Apple* appeal will not resolve Plaintiff's case, the Parties will eventually brief and conduct discovery on the same issues regardless. Amazon admits that it plans to press multiple defenses beyond Section 230, Motion at 7 n.5, so it is neither premature nor a waste of resources for Amazon to assert those defenses now in a motion to dismiss. Waiting an indefinite time for a separate Ninth Circuit appeal that might provide non-dispositive guidance on just one issue in this case is unreasonable and does not justify the serious harms that delay causes Plaintiff and the proposed Class. *See Cabiness*, 2017 WL 167678 (finding continued discovery more efficient than an indeterminate stay pending appeal, and counseling defendants to use a motion for reconsideration if the appellate ruling eventually affects the case).

### IV. If the Court Is Inclined to Grant Any Stay, It Should Permit Initial Pleadings Motions and Limited Discovery Related to Class Certification.

Given the balance of hardships and the fact that the *In re Apple* appeal will not resolve the issues in this case, the Court should deny the stay and allow this case to move forward. In the alternative, to the extent the Court finds some value in a stay, it should issue only a partial stay of the case with conditions designed to limit the prejudice to Plaintiff and the proposed Class. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (finding length of stay must be reasonable in relation to the claims before the court and that stays should be conditioned on progress in related proceeding).

Specifically, even if the Court decides to impose a partial stay, it should still require Amazon to file its responsive pleading (due January 19) and have the parties brief that response (inevitably a Rule 12 motion to dismiss). As set forth in Plaintiff's Response to Amazon's Motion to Extend, Dkt. #18, Amazon has had ample time to respond to Plaintiff's complaint (including a 43-day extension), and the initial motion-to-dismiss briefing is not unduly burdensome. Amazon is likely to raise several arguments under Rule 12(b)(6) that have no relation to Section 230, and there is no reason to delay the briefing of those issues.

The Court should also permit the Parties to conduct at least a limited amount of initial discovery related to Class Certification. In the alternative to denying Amazon's Motion entirely, the Court should allow the following limited discovery, pending resolution of the *In re Apple* appeal:

a. Amazon may serve reasonable discovery requests on and may depose Plaintiff Horn on issues related to class certification; and

b. Plaintiff may serve a single set of written discovery requests on issues related to class certification, including requests seeking a list of all social casino apps offered on the Amazon platform and transaction data (i.e., data showing the sales of virtual chips and sales or redemptions of Amazon coins within the at-issue social casino apps).

1  This limited stay would capture the purported benefits of a stay—saving the Parties and the

2  Court from the costs of extensive motion practice and full discovery—while allowing the case to

3  make progress on key issues that will inevitably arise in this litigation.

4  **CONCLUSION**

5       For the foregoing reasons, the Court should deny Amazon's Motion to Stay Pending

6  Appeal. In the alternative, the Court should issue a limited, partial stay of the case that allows for

7  Rule 12(6)(b) motion practice and limited initial discovery on issues related to class certification.

Respectfully submitted,

**STEVEN HORN**, individually and on behalf of all others similarly situated,

Dated: January 16, 2024

By: /s/ Todd Logan

Todd Logan, WSBA #60698
tlogan@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9495

By: /s/ Cecily C. Jordan

Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Tel: 206.682.5600

*Admitted *pro hac vice*

*Attorneys for Plaintiff Horn*

## CERTIFICATION

I certify that this memorandum contains 4133 words, in compliance with the Local Civil Rules.

/s/ Todd Logan