UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN HORN,<br><br>            Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>            Defendant. | No. 2:23-cv-01727-RSL<br><br>ORDER GRANTING AMAZON'S MOTION TO STAY PENDING NINTH CIRCUIT DECISION |

This matter comes before the Court on "Amazon's Motion to Stay Pending Ninth Circuit Appeal." Dkt. #. 14. Having considered the submissions of the parties and the allegations of the Complaint, the Court finds as follows:

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [ ] bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd*., 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. Factors identified by the Supreme Court in *Landis* are often considered when a party requests a stay pending the resolution of an independent matter in another court. Those factors include (1) the possible damage of granting the stay; (2) the hardship or

ORDER GRANTING MOTION TO STAY

inequity on the movant if forced to go forward; and (3) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Ninth Circuit's resolution of the Section 230 issues in the consolidated appeal involving Apple, Google, and Facebook (Meta) will likely provide guidance to the undersigned in deciding similar issues in this case. Although the Complaint includes additional allegations regarding Amazon's conduct beyond simply distributing and marketing a developer's app and processing payments, the Ninth Circuit has been asked to determine the applicability of Section 230 to a defendant's own bad acts, separate and apart from hosting a third-party's publication. Its determination will likely inform the Court's analysis in this case, reducing both the number of outstanding legal issues and the risk of inconsistent verdicts. Oral argument in the consolidated appeal is being scheduled for later this spring, and the anticipated delay in waiting for a decision is reasonable given the importance of the issues being resolved and the absence of evidence of continuing harm. Amazon's motion to stay is therefore GRANTED.

This action is STAYED pending the Ninth Circuit Court of Appeals' decision in the consolidated appeals pending as Case Nos. 22-16888, 22-16889, 22-16914, 22-16916, 22-16921, and 22-16923. All deadlines in this action, including Amazon's deadline to respond to the Complaint, are suspended pending further order of the Court.

The parties shall submit a joint status report within 14 days of the Ninth Circuit issuing the mandate in the consolidated appeals, informing the Court of their positions on how to proceed based on the outcome of those appeals.

Dated this 26th day of January, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO STAY– 2