UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN HORN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. 2:23-cv-01727-RSL<br><br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on "Amazon's Motion for a Protective Order." Dkt. # 42. Amazon seeks to limit the scope of discovery while the Court considers and resolves a motion to dismiss regarding the application of Section 230 immunity to the claims asserted in this litigation. Amazon is willing to produce purchase information regarding the three social casino apps plaintiff allegedly played, but wants to phase all other discovery as was agreed by the parties in related litigation pending in the Northern District of California against Google, Apple, and Meta.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, as well as the underlying motion to dismiss, the Court finds as follows:

ORDER DENYING MOTION FOR PROTECTIVE
ORDER - 1

The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. That concern is particularly applicable here where, at Amazon's request, the Court already stayed discovery for ten months to give the Ninth Circuit a chance to weigh in on the Section 230 issues.

Although a stay is not mandated, the Court has discretion to delay the initiation of discovery if defendant shows that it is entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017) ("District court[] orders controlling discovery are reviewed for an abuse of discretion."). Amazon argues that plaintiff should be bound by the same discovery limitations that are in place in the Northern District of California, that any discovery would impose an undue burden in that it would deprive Amazon of the benefits of Section 230 immunity and impose costs that might be avoided if the motion to dismiss is granted, that even if the case moves forward after the Section 230 issue is resolved, the ruling will clarify the scope of discovery, and that plaintiff will not be prejudiced by any delay in initiating discovery.

As an initial matter, plaintiff is not bound by discovery limitations negotiated by his counsel in another matter. The proceedings in the Northern District of California involve three multi-district litigations, the laws of twenty-three states, and over a hundred causes of

action. Discovery in that proceeding will be a massive undertaking, made even more complicated by the fact that plaintiffs will need to establish that on-line social casinos violate the law of each of the twenty-three states at issue, a matter that has already been extensively litigated under Washington law. The decision to pause discovery in the Northern District of California neither compels nor counsels in favor of the same decision here.

With regards to Amazon's efficiency arguments, the pending motion to dismiss is strenuously opposed. Plaintiff argues that Amazon.com is not merely a publisher or platform for disseminating third-party content, but rather that it sells virtual casino chips directly to consumers for use in on-line casinos and that it processes in-game transactions for which it is paid a fee, thereby directly participating in conduct that constitutes illegal gambling under Washington law.[1] The latter argument was found persuasive in the Northern District of California litigation, and the analysis was left undisturbed on appeal to the Ninth Circuit. If that aspect of plaintiff's claim is permitted to proceed, the discovery plaintiff seeks (and any discovery disputes arising therefrom) appear to be "due" rather than "undue."

Amazon argues that when Section 230 immunity is raised, discovery should be stayed so as to ensure that websites are protected "not merely from ultimate liability, but

---

[1] Amazon points out that the illegality of an on-line casino must be determined on an app-by-app basis and that its sale of coins is "neutral" in that the coins can be used to do things other than play on-line casino games. But the existence of these factual disputes, which touch on the applicability of Section 230 immunity, favor the initiation of discovery at this point.

ORDER DENYING MOTION FOR PROTECTIVE
ORDER - 3

from having to fight costly and protracted legal battles." Dkt. # 42 at 11 (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (*en banc*)). The *Roommates.com* analysis is not particularly favorable to Amazon in this context. While the Ninth Circuit made clear that courts should sweep within the protections of Section 230 conduct that a clever lawyer could argue was website development rather than website publishing so as to prevent costly fights that would "sap section 230 of all meaning," there is no indication that a claim of Section 230 protection automatically stays discovery. 521 F.3d 1172 and 1174. In fact, the *Roommates.com* decision involved a careful analysis of the content displayed and how it was generated to determine which content was created entirely by third parties and what content the defendant created or developed, in whole or in part. 521 F.3d at 1162-63 and 1172-75.

      Amazon's hope that its motion to dismiss will be entirely successful is not enough to establish "a real question whether" plaintiff's claims will survive or to show that the burden and expense of discovery would be undue. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981); Fed. R. Civ. P. 26(c)(1). For all of the foregoing reasons, the motion for a protective order (Dkt. # 42) is DENIED.

Dated this 28th day of February, 2025.

                Robert S. Lasnik
                United States District Judge