1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN HORN, individually and on
behalf of all others similarly situated,

                    Plaintiff,

          v.

AMAZON.COM, INC.,

                    Defendant.

CASE NO. 2:23-cv-01727-RSL

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL

This matter comes before the Court on plaintiff's "Motion to Compel re: Request for Production Nos. 2-3, Interrogatory Nos. 1-2." Dkt. # 65. In general, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Brown v. Warner*, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015)). Having reviewed the memoranda, declarations, and exhibits submitted, the Court finds as follows:

**A. Request for Production Nos. 2 and 3**

Plaintiff seeks the production of all documents containing "Addiction Phrases" that were sent, authored, or received by an Amazon employee whose responsibilities included communicating with the developers or customers of social casinos. Plaintiff argues that "documents containing the Addiction Phrases—whether in customer complaints, internal communications, or other business records—are likely to bear on Amazon's knowledge of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

and direct participation in a scheme to target vulnerable consumers in order to maximize profits." Dkt. # 65 at 10. Defendant argues that plaintiff failed to meet and confer in good faith, that the use of search terms should await the Court's ruling on Section 230 immunity and/or follow the procedure set forth in the ESI protocol, that the search terms are too broad and not proportional to the needs of the case, and that the period for which documents are requested is too long.

### 1. Failure to Meet and Confer

Plaintiff served his requests for production on October 29, 2024. When plaintiff requested a meet and confer regarding Amazon's responses, defendant inquired whether plaintiff would "be sending something in advance of the meet and confer w/r/t/ [] your position on our objections and responses and what in particular you would like to discuss?" Dkt. # 72-3 at 2-3. Plaintiff was willing, and asserted that "Amazon's wall of written objections" gave the impression that it was refusing to engage in discovery despite the Court's scheduling order. As an example, plaintiff addressed Amazon's objections to Requests for Production Nos. 2 and 3, noting that the undersigned had approved the use of addiction phrases in related social casino cases and requesting that the parties discuss which of the objections, if any, Amazon intended to pursue. Dkt. # 72-3 at 2.

The meet and confer was held on December 5, 2024, but Amazon declined to discuss the outstanding discovery requests because plaintiff "had not provided the requested information about his positions on Amazon's objections as to almost all the discovery requests." Dkt. # 72 at ¶ 10. Amazon points to no rule of procedure or practice which requires the exchange of pre-meeting statements. Even if there were such a rule (and even if it is a best practice), plaintiff did provide his positions with regards to the discovery requests at issue. Amazon's refusal to discuss Request for Production Nos. 2 and 3 and its objections when the parties met in December was not justified.

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

When the parties next met and conferred on January 16, 2025, they discussed the impact of Amazon's then-pending motion for protective order, the scope of the search terms, and the definition of "social casino" as used in Request for Production Nos. 2 and 3. Dkt. # 72 at ¶¶ 19-25. The parties did not reach agreement on any of the issues. To the contrary, Amazon was determined to hold off on producing any responsive documents while its motion for protective order was pending, plaintiff insisted on searches for all of the identified addiction phrases, and plaintiff declined to specifically identify every "social casino" at issue. Dkt. # 72 at ¶¶ 21-22 and 26. This motion followed.

Amazon argues that the parties are not at an impasse. The argument is hard to square with the undisputed facts. Plaintiff wants the production of responsive documents and declined to narrow the search terms or the universe of relevant apps. The parties were unable to negotiate a way forward regarding any of the three key issues. Plaintiff was not obligated to sit on his hands while Amazon pursued a protective order, nor does the requirement for good faith discussions impose an obligation to compromise or limit the original discovery requests. Discussions between the parties showed that Amazon would not provide substantive responses to the discovery requests as written and that plaintiff would not alter those requests. This dispute is properly before the Court.

## 2. Timing of Discovery

Amazon's motion for a protective order has been denied and is no impediment to the production of documents in response to Request for Production Nos. 2 and 3. *See* Dkt. # 76. While it is true that the ESI protocol entered by the Court on January 27, 2025, requires the parties to confer regarding search terms and queries, the protocol was not in place when plaintiff served this discovery, when the parties met and conferred, or when plaintiff filed this motion to compel. Amazon's obligation to respond to the discovery propounded last October arises under the Federal Rules of Civil Procedure, and the parties' dispute is ripe for review.

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 3

### 3. Substantive Objections

Plaintiff alleges and seeks to prove that Amazon knowingly used its data and networks to identify, target, and exploit consumers who are prone to addictive behaviors, working with social casino developers to advertise and encourage the purchase of chips and tokens for use in their apps. Over years of litigation, plaintiff's counsel has discovered that communications (a) with or about social casino customers and developers (b) that contain certain terms or phrases can be highly relevant to the type of claims asserted here. In this case, plaintiff seeks the production of all documents sent, authored, or received by Amazon employees who work on and communicate about social casinos that contain the phrases gambl*, addic*, drain*, suicide*, whale, depress*, debt, finance* w/10 problem, disable*, ban*, quit*, help, shame, sick, block, refund, unfair, target, stupid, mortgage, retir*, death, die, sad, monetize*, and divorc*. The fourteen underlined phrases (plus twenty-four other phrases not at issue here) have been approved for use in other on-line gambling cases in this district. *Larsen v. PTT, LLC*, No. 3:18-cv-05275, Dkt. # 213 (W.D. Wash. Jan. 31, 2023); *Benson v. DoubleDown Interactive, LLC*, No. 2:18-cv-00525, Dkt. # 366 and # 377 (W.D. Wash. July 19, 2021). Amazon offers no reason to alter those rulings here.

Amazon argues that some of the new terms, such as help, retir*, sad, unfair, target, and stupid, are too generic and unrelated to social casinos, gambling, or addiction to have any relevance to plaintiff's claims. It is undoubtedly true that use of these search terms or queries will return a universe of documents that includes some irrelevant communications. For instance, a search for all documents containing the search term "help" could capture a request for assistance addressed to human resources that has nothing to do with plaintiff's claims in this litigation. But search term queries are blunt instruments. *See L–3 Commc'ns Corp. v. Sparton Corp.*, 313 F.R.D. 661, 666 (M.D. Fla. 2015) ("While the utility of keyword searching is widely accepted, keyword searches are not a perfect tool for

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 4

distinguishing relevant documents from irrelevant ones."); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. 07-489(PLF/JMF/AK), 2009 WL 3443563, at *7 (D.D.C. Oct. 23, 2009) ("It is more likely than not that the search terms may produce documents that will lack any relevance to plaintiffs' claims since no one can pretend that the search terms are such finely honed instruments that they will only produce what is relevant."). Because search terms lack the "refers or relates to" language of traditional requests for production, special care must be taken to ensure that they are "reasonably targeted, clear, and as specific as possible." Dkt. # 68 at 1-2. After the search is run, the responding party may then review the universe of returned documents for relevance before making the production, or it may limit its review to a search for privileged communications and leave it to the requesting party to separate the relevant wheat from the irrelevant chaff. The simple fact that irrelevant documents are likely to be returned does not, in and of itself, make a search term improper.

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case...." Relevance under Rule 26(b)(1) is defined broadly and remains so even after the 2015 amendments of the Federal Rules of Civil Procedure. *See Insight Psychology & Addiction, Inc. v. City of Costa Mesa*, No. 8:20-cv-00504JVS-JDEX, 2021 WL 6102425, at *1 (C.D. Cal. Oct. 29, 2021); *Snipes v. U.S.*, 334 F.R.D. 548, 550 (N.D. Cal. 2020); *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The question of whether the information sought is

1   discoverable depends on a balancing of the requesting party's need to obtain all relevant
2   evidence with the responding party's need for protection from far-reaching, burdensome,
3   and invasive discovery. The Court will not condone fishing expeditions, but neither will it
4   adopt a narrow view of relevance. *See Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.
5   2004); *Delgado v. Tarabochia*, No. 2:17-cv-01822-RSL, 2018 WL 2088207, at *2 (W.D.
6   Wash. May 4, 2018).
7           Plaintiff is seeking documents that are relevant to his claims, are solely within
8   Amazon's possession, and can be located and accessed with a few keyboard strokes. He
9   has attempted to tie the search terms to social casinos by limiting the scope of the search to
10  documents held by Amazon employees whose job responsibilities included communicating
11  with social casino developers about their apps or business prospects or communicating
12  with consumers about social casinos. Dkt. # 72-2 at 5 (definitions of "Developer Relations
13  Employee" and "Consumer Relations Employee). The mere fact that plaintiff's proposed
14  search terms will, in all likelihood, return some irrelevant documents does not make the
15  requests disproportional to the needs of the case. Amazon makes no effort to show that the
16  burden or expense of running the searches or performing a subsequent privilege and/or
17  relevance review outweighs the expected benefits of production. Amazon has not even
18  identified the employees whose electronic records will be searched, much less provided
19  initial hit counts for each search term or an analysis of their precision (percentage of
20  returned documents that are relevant) and recall (percentage of all relevant documents that
21  are captured). Neither Amazon nor the Court is in a position to say that the requested
22  production would be burdensome, much less that the burden would outweigh the benefits
23  of production.[1]

---

[1] To the extent Amazon is arguing that the search terms will disclose sensitive personal information about employees and/or customers, the information can be designated confidential under the protective order entered by the Court.

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 6

Amazon also suggests that a request for documents covering an eight-year period is unreasonable. Knowledge, however, is cumulative, and what Amazon knew eight years ago when it became clear that on-line gambling platforms had the potential to violate Washington's gambling laws informs the analysis of what Amazon knew during the limitations period.

**B. Interrogatory Nos. 1 and 2**

Plaintiff seeks basic identifying information regarding employees whose job responsibilities include communicating with social casino developers about their apps or business prospects ("Developer Relations Employees") or communicating with consumers about social casinos ("Consumer Relations Employees"). Amazon argues that it is unable to disclose the information because plaintiff has not provided a workable definition of "social casino." Dkt. # 71 at 4.

The social casinos at issue are offered on Amazon's Appstore and include the 34 apps specifically listed in the complaint. Dkt. # 72-1 at 7. The source of Amazon's confusion is unclear. At the very least, the employees who work with the developers and/or customers of the 34 apps listed in the complaint must be identified. A search of Amazon's current and historic Appstore contents using the terms "casino" and "social casino" would be a sensible and obvious next step. Plaintiff's position that Amazon should be able to figure out which of the apps it offers are social casinos is not unreasonable. Amazon has been perfectly capable of describing the type of apps that are the target of this litigation in the past. *See* Dkt. # 44 at 12 ("[Plaintiff] alleges that social casino apps are slot machine-themed games that are free to play but allow users to purchase virtual chips within the app that can be used to win more virtual chips.").

It appears that Amazon's objection is nothing more than a demand that plaintiff identify, by name, all social casino apps at issue in this litigation. As the only entity with any historic information regarding the Appstore offerings and the entity most likely to

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 7

understand relevant coding decisions, defendant is properly tasked with identifying the apps and responding to Interrogatory Nos. 1 and 2. To the extent that are any real disputes regarding whether a particular app is or is not a "social casino," those issues can be brought to the Court after the parties have met and conferred.

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. # 65) is GRANTED. Amazon shall provide full and complete responses to Request for Production Nos. 2 and 3 and Interrogatory Nos. 1 and 2 within twenty-one days of the date of this Order.

DATED this 7th day of March, 2025.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 8